LATHROP (CRAFT v.). See Case No. 3,318.

## Case No. 8,109.

### LATHROP v. DRAKE et al.

[30 Leg. Int. 141.][1]

Circuit Court, E. D. Pennsylvania. 1873.[2]

BANKRUPTCY — SUIT BY ASSIGNEE OUT OF DISTRICT ADJUDGING THE BANKRUPTCY—JURISDICTION.

A circuit court of the United States has no jurisdiction of a suit by an assignee in bankruptcy appointed in another district of the same or another state, to recover the amount of a preference obtained by a creditor, through judgment and execution in a state court. The jurisdiction is vested exclusively in the district courts of the same or any other district.

Plaintiff, assignee of Adams, brought this bill for an account, &c., against defendants, to recover an alleged preference under the bankrupt act [of 1867 (14 Stat. 517)]. The defendants, residents of Easton, in the East-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[3] [From 10 Am. Law. Reg. 638.]

[1] [Reprinted by permission.]

[2] [Reversed in 91 U. S. 516.]

ern district, were creditors of Adams, and on June 29th, 1867, had obtained a confession of judgment for $4,200, entered it up in the common pleas of Luzerne county, and proceeded to sell the personal estate of Adams at sheriff's sale, and received the proceeds on their judgment. On October 7th, 1867, Adams was decreed a bankrupt on his own petition in the Western district of Pennsylvania. Lathrop was confirmed as assignee December 15th, 1867. The case came up on bill, answer and evidence, in April, 1872, and was continued until April 26th, 1873, when it came up for hearing before both judges.

Two questions were raised by defendants' counsel: 1. The want of jurisdiction in the circuit court of the E. D. of Pennsylvania, the bankruptcy proceedings being in the Western district. 2. That the limitation in the 2d section, began to run on the date of the preference, June 27th, 1867, the suit having been begun September 18th, 1869, more than two years after. Counsel for defendants in support of the first position cited the case of Sherman v. Bingham [Case No. 12,762], which affirms the opinion of Hopkins, J., in Goodal v. Tuttle [Id. 5,533], as to the exclusive jurisdiction of the district courts of United States in bankruptcy, but confines that of the circuit court, to the district in which the proceedings in bankruptcy are pending.

D. C. Harrington and F. C. Brewster, for plaintiff.

Wm. M. Bull, W. H. Armstrong, and H. E. Wallace, for defendants.

THE COURT (McKENNAN, Circuit Judge, and CADWALADER, District Judge), sustained the first point as to the jurisdiction and dismissed the bill; on the second point, were of opinion that by the language of the 2d section, the cause of action accrued to the assignee on the execution of the assignment.

[NOTE. Upon appeal by complainant to the supreme court, Mr. Justice Bradley delivered the opinion of the court reversing the decree of the circuit court upon the question of jurisdiction. The court held that under the bankrupt act the assignee might bring his suit to recover the bankrupt assets in any circuit court out of the district in which the bankrupt proceedings were had. The learned justice did not consider the second point considered by the court above, but took up the case upon its merits, and the circuit court was ordered to enter decree for the complainant. 91 U. S. 516.]